IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| E. ISHMAEL PARSAI | : | |
| Plaintiff, | : | CASE NO. 3:23-CV-02141 |
| v. | : | JUDGE JEFFREY J. HELMICK |
| UNIVERSITY OF TOLEDO, *et. al.*, | : | |
| Defendants. | : | |

**STIPULATED PROTECTIVE ORDER AND CLAWBACK AGREEMENT**

The parties expect the disclosure of documents in this case to involve the exchange of sensitive information, including, inter alia, medical information, personally identifying information with respect to employees, the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g, 34 C.F.R. Part 99, or other federal or state law not specifically identified. In order to permit discovery, the parties stipulate and agree to, and the Court finds good cause for, entry of a Protective Order and Order for Release of Discoverable Materials otherwise protected by HIPAA, FERPA, or other federal or state law pursuant to Federal Rule of Civil Procedure 26(c).

It is hereby ordered that:

1. **Scope**. All documents produced in the course of discovery, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, other

1

materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning confidential information as set forth below. This Order is also subject to the Local Rules of the Northern District of Ohio and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. **Form and Timing of Designation**. A party may designate documents as confidential and restricted from disclosure under this Order by placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER designation. Documents shall be designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER prior to or at the time of the production or disclosure of the documents. Inadvertent failure to designate a document as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER may be corrected by supplemental written notice given as soon as practicable. The designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

3. **Documents Which May be Designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**.  Any party may designate documents as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER upon making a good faith determination that the documents contain information protected from disclosure by statute or law or that should be protected from disclosure as confidential personal information, medical or psychiatric information, trade secrets, personnel records, education records, or such other sensitive information that is not publicly available. Public records and other information or documents that are publicly available

may not be designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER. If non-confidential information is contained in or otherwise derived from confidential materials, any portion that consists solely of non-confidential information shall not be confidential for purposes of this Order.

4. **Depositions**. Deposition testimony shall be deemed CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER only if designated as such. Any party may designate deposition testimony as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER upon making a good faith determination that the testimony contains information protected from disclosure. Such designation shall be specific as to the portions of the transcript or any exhibit to be designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER. Counsel for any party in this case may designate deposition testimony or any portion of deposition testimony as confidential by: (a) advising the court reporter and counsel of such designation during the course of the deposition; or (b) advising counsel within 30 days of the receipt of the transcript. Thereafter, the deposition transcripts and any of those portions so designated shall be protected as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER, pending objection, under the terms of this Order.

5. **Protection of Confidential Material**.

    a. **General Protections**. Documents designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER under this Order shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in paragraph 6(b) for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action including any appeals.

    b. **Limited Third-Party Disclosures**. The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL – SUBJECT TO

PROTECTIVE ORDER documents to any third person or entity except as set forth in subparagraphs (i)–(viii). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER:

 i. **Counsel**. Counsel for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action;

 ii. **Parties**. Parties and employees of a party to this Order;

 iii. **Court Reporters and Recorders**. Court reporters and recorders engaged for depositions;

 iv. **Mediators**. Any mediator used to attempt resolution of this litigation;

 v. **Witnesses**. Witnesses or potential witnesses (and their counsel) in preparation for or during the course of depositions, hearings, interviews, or trial in this action. In addition, such persons shall, in advance of disclosure, complete the certification contained in *Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;*

 vi. **Consultants, Investigators, and Experts**. Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in *Attachment A, Acknowledgment of Understanding and Agreement to Be Bound*;

 vii. **Others by Consent**. Other persons only by written consent of the

producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in *Attachment A, Acknowledgment of Understanding and Agreement to Be Bound*; and/or

    viii.    **Court**. The Court and the Court's staff.

    c.    **Control of Documents**. Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER pursuant to the terms of this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of one (1) year after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising therefrom.

    d.    **Copies**. Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" if the words do not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order.

6.    **Inadvertent Production**. The parties will be producing various types of information including electronically stored information ("ESI"). As a result, there is a risk of inadvertent disclosure of certain privileged and/or otherwise protected personnel/personal/health information. Accordingly, and pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), the parties agree to this non-waiver or "clawback" provision. The parties hereby adopt by reference the definitions of "attorney-client privilege" and "work-product protection" as set forth in Federal

Rule of Evidence 502. Inadvertent production of any document or information without a designation of "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall be governed by Federal Rule of Evidence 502. The parties agree that the inadvertent production of any privileged or otherwise protected ESI or documents shall not be deemed a waiver or impairment of any claim of privilege or protection including but not limited to the attorney-client privilege or work product doctrine immunity. "**Inadvertent**" shall be defined as the production of ESI or document(s) that could have been withheld or redacted under a good faith basis to assert a claim of privilege or protection. For this agreement to apply, the producing party must notify the receiving party within five (5) business days of realization of the inadvertent nature of the production. Upon notification from the producing party, the receiving party shall retrieve and return any such material, and the receiving party or its counsel shall not use such information for any purpose until further order of the Court. The parties agree to this obligation regardless of the circumstances of the inadvertent disclosure, including whether or not any such inadvertent disclosure was made recklessly or negligently. Any analyses, memoranda or notes which were generated based upon such inadvertently produced information shall be treated strictly confidential and shall not be used for any purpose unless as agreed upon by the parties or as directed by the Court. The producing party must also preserve the information until any dispute regarding the ESI or document is resolved.

    7.    **Filing of CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER Documents Under Seal.**  Absent a statute or an order of this Court, documents may not be filed under seal. See L.R.5.2; Electronic Filing Policies and Procedures Manual Section 16. Neither this Stipulated Protective Order nor any other sealing order constitutes blanket authority to file entire documents under seal. Only confidential portions of relevant documents are subject to sealing. To

the extent that a brief, memorandum or pleading references any document marked as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER, then the brief, memorandum or pleading shall refer the Court to the particular exhibit filed under seal without disclosing the contents of any confidential information. If, however, the confidential information must be intertwined within the text of the document, a party may timely move the Court for leave to file both a redacted version for the public docket and an unredacted version for sealing.

Absent a court-granted exception based upon extraordinary circumstances, any and all filings made under seal shall be submitted electronically and shall be linked to this Stipulated Protective Order or other relevant authorizing order. If both redacted and unredacted versions are being submitted for filing, each version shall be clearly named so there is no confusion as to why there are two entries on the docket for the same filing.

If the Court has granted an exception to electronic filing, a sealed filing shall be placed in a sealed envelope marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER." The sealed envelope shall display the case name and number, a designation as to what the document is, the name of the party on whose behalf it is submitted, and the name of the attorney who has filed the sealed document. A copy of this Stipulated Protective Order, or other relevant authorizing order, shall be included in the sealed envelope.

Any and all documents that may have been subject to sealing during discovery or motion practice will not enjoy a protected or confidential designation if the matter comes on for hearing, argument, or trial in the courtroom. The hearing, argument, or trial will be public in all respects.

8. **Challenges by a Party to a Designation as Confidential**. Any CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER designation is subject to challenge by any party or nonparty with standing to object. Before filing any motions or objections to a confidentiality

designation with the Court, the objecting party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement. The parties shall meet and confer within twenty (20) business days of receipt of the objection. If agreement is reached confirming or waiving the CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

9. **Action by the Court**. Any party to the above-captioned case may petition this Court concerning a violation of this Order and request any remedies available under the Federal Rules of Civil Procedure and the local rules. Applications to the Court for an order relating to any documents designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER shall be by motion under the local rules and any other procedures set forth in the presiding judge's standing orders or other relevant orders. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or used in discovery or at trial.

10. **Use of Confidential Documents or Information at Trial**. All trials are open to the public. Absent order of the Court, there will be no restrictions on the use of any document that may be introduced by any party during the trial. If a party intends to present at trial CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER documents or information derived therefrom, such party shall provide advance notice to the other party at least five (5) days before the commencement of trial by identifying the documents or information at issue as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.). The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

11. **Obligations on Conclusion of Litigation**.

   a. **Order Remains in Effect**. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

   b. **Return or Destruction of CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER Documents**. After dismissal or entry of final judgment not subject to further appeal, all documents treated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER under this Order, including copies as defined in paragraph 6(d), shall either be (1) destroyed pursuant to the receiving party's retention schedule or within thirty (30) days after dismissal or entry of final judgment if the receiving party does not have a retention schedule, or (2) returned to the producing party or the producing party's counsel or representative, unless: (1) otherwise ordered by the Court for good cause shown, (2) the return or destruction of such materials is prohibited by law, or (3) the document has been offered into evidence or filed without restriction as to disclosure.

12. **Order Subject to Modification**. This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed under Local Rule 7.1, 37.2 and the presiding Judge's standing orders or other relevant orders.

13. **No Prior Judicial Determination**. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER by counsel or the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

14. **No Superseded Laws**. This Order in no way alters or supersedes the parties' responsibilities under this Court's Electronic Filing Policies and Procedures.

15. **Persons Bound**. This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

16. **Further Limits of this Order**. Entering into, agreeing to, and/or complying with the terms of this Order shall not:

   a. Prejudice in any way the rights of any party to object to the production of documents or information it considers non-discoverable, or to seek a Court determination whether particular discovery materials should be produced;

   b. Prejudice a party from seeking modification or rescission of this Protective Order;

   c. Prejudice a party from seeking further protection of any confidential information; or

   d. Prevent a party from objecting on any ground to the admission into evidence, at any trial, hearing, or public proceeding in this matter, of any type or classification of information produced or disclosed pursuant to this Order.

17. Nothing in this Order shall prevent non-parties from asserting their own privacy rights in documents held by the parties, including but not limited to those rights provided by FERPA, nor shall this Order prevent any party from fulfilling obligations and responsibilities regarding student privacy placed on them by FERPA.

IT IS HEREBY ORDERED.

Dated: February 19, 2025

                                              s/ Jeffrey J. Helmick
                                              UNITED STATES DISTRICT JUDGE

**WE SO STIPULATE and agree to abide by the terms of this Order**

|  |  |
|---|---|
|  | DAVE YOST (0056290) |
|  | Ohio Attorney General |
| ***s/ Thomas A. Sobecki*** | ***s/ In Son J. Loving*** |
| ***(via email consent dated 02/14/25)*** |  |
|  | IN SON J. LOVING (0084848) |
| THOMAS A. SOBECKI (0005210) | *Trial Counsel* |
| Thomas Sobecki, Attorney at Law | Senior Assistant Attorney General |
| 405 Madison Avenue Suite 910 | DAVID B. STOUFFER (0093972) |
| Toledo, Ohio 43604 | Associate Assistant Attorney General |
| Telephone: 419-242-9908 | Employment Law Section |
| tsobecki@tomsobecki.com | 615 W. Superior Ave., 11th Floor |
|  | Cleveland, Ohio 44114 |
| *Counsel for Plaintiff* | (614) 644-7257 – Telephone |
|  | (614) 752-4677 – Facsimile |
|  | ELSReview@OhioAGO.gov |
|  |  |
|  | *Counsel for Defendants* |

11

## ATTACHMENT A

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| **E. ISHMAEL PARSAI** | : | |
|     **Plaintiff,** | : | **CASE NO. 3:23-CV-0141** |
| v. | : | **JUDGE JEFFREY J. HELMICK** |
| **UNIVERSITY OF TOLEDO,** *et. al.*, | : | |
|     **Defendants.** | : | |

### ACKNOWLEDGEMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that they have read the Protective Order dated _____ in *E. Ishmael Parsai v. University of Toledo, et al.,* Civil Action No. 3:23-cv-0141 (N.D. Ohio) and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Ohio in matters relating to the Protective Order and understands that the terms of the Protective Order obligate them to use documents designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER in accordance with the Order, solely for the purpose of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm, or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Dated: _____

_____
(Signature)

_____
(Print Name)

_____
(Job Title)

_____
(Home or Business Address)

_____
(Home or Business Address Continued)